Herbert, J.
The single question raised by this appeal is whether iron ore stored by a nonresident on public storage facilities in Ohio for ultimate use by the nonresident in his manufacturing processes in Pennsylvania is subject to the Ohio personal property tax.
Section 5709.01, Revised Code, in 1954, the period covered by the present assessment, read in part as follows:
“All personal property located and used in business in this state, and all domestic animals kept in this state, whether or not used in business, are subject to taxation, regardless of the residence of the owners thereof.”
From the above-quoted portion of that section, it is clear that only such personal property as is located in and used in business in this state is subject to taxation.
Section 5701.08, Revised Code, in 1954, defined the phrase, “used in business,” and so far as it relates to the present case read as follows:
“* * * but merchandise or agricultural products belonging to a nonresident of this state is not used in business in this state if held in a storage ivarehouse for storage only.” (Emphasis added.)
There seems to be no issue made by the parties as to whether this ore was merchandise within the meaning of this section. It is apparently conceded that the iron ore was such merchandise.
Neither is there any question raised as to the fact as to whether such ore was held for storage. This too is apparently conceded by the parties.
The only controversy in the present case is whether these public storage facilities constitute a storage warehouse within the meaning of Section 5701.08, Revised Code.
Basically, the appellee urges that to have a storage warehouse there must be some type of structure within which the merchandise is confined. It is his contention that there is no ambiguity in the statute, and that the phrase, “storage ware *77 house,” as used therein has a clear and definite meaning which does not include the facilities used by the appellant in the instant case.
However, ambiguity in a statute does not necessarily arise as a result of the indefiniteness of the meaning of a word or phrase. Many statutory ambiguities arise as a result of the use of words in context with other words. To state it differently, a word or phrase which standing alone may be perfectly clear in its meaning may become clouded with obscurity when considered in relation to other words in a statement containing the word or phrase.
A consideration of Section 5701.08, Revised Code, in relation to the matter presently before us clearly shows that the phrase, “storage warehouse,” when considered in relation to the remainder of the section is ambiguous in its meaning. Thus the meaning of such phrase as used in Section 5701.08 becomes a matter for this court to interpret.
It is fundamental, of course, that in construing any legislative enactment, it is the duty of the court where possible to effectuate the purpose of the Legislature.
It is equally fundamental that ambiguities in tax statutes must be construed in favor of the taxpayer.
In B. F. Goodrich Co. v. Peck, Tax Commr., 161 Ohio St., 202, 118 N. E. (2d), 525, the court in the third paragraph of the syllabus stated:
“It is a general rule that, if there is any ambiguity in a statute defining the subjects of taxation, such ambiguity must be resolved in favor of the taxpayer; and this rule of construction generally applies with respect to provisions of a statute stating that certain potential objects of taxation shall not be considered to be included within specified subjects of taxation. (Paragraph three of the syllabus in Cleveland-Cliffs Iron Co. v. Glander, Tax Commr., 145 Ohio St., 423, and paragraph two of the syllabus in National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407, distinguished.)”
With the above rules in mind, we come now to a consideration of the specific issue in this case.
Must the phrase, “storage warehouse,” as used in Section 5701.08, Revised Code, be given the narrow construction of an actual building as urged by the appellee or is it susceptible to a broader more comprehensive definition. •
*78 To determine this, such phrase must be considered in context with the entire clause in which it is used, such clause reading as follows:
“but merchandise or agricultural products belonging to a nonresident of this state is not used in business in this state if held in a storage warehouse for storage only. ’ ’
Clearly, the basic purpose of the General Assembly was to exempt from taxation a nonresident’s personal property held only for storage in Ohio. It is apparent that the controlling factor is that the merchandise be held for storage only, the designation of a storage warehouse is purely incidental, and the phrase, “storage warehouse,” should be given the meaning which will most effectuate the purpose of the General Assembly.
The fact that the storage facilities in the present instance do not fit the usual visual conception of a warehouse does not in any way prevent the facilities in the present instance from being storage warehouses within the meaning of this act.
A warehouse is primarily a place of storage, a public warehouse being one in which goods are stored for payment. So far as Section 5701.08, Revised Code, as it read in 1954, is concerned, whether storage facilities are a building or merely a given area of ground, if they are used for storage they constitute a “storage warehouse” within the meaning of that section.
Therefore, public facilities for the storage of iron ore constitutes a “storage warehouse” within the meaning of Section 5701.08, Revised Code, and iron ore stored thereon by a nonresident for the purpose of storage only until it is needed for use in another state is not “used in business” in Ohio and is not subject to taxation.
The decision of the Board of Tax Appeals, being unreasonable and unlawful, is reversed.

Decision reversed.

Taft, Matthias and O’Neill, JJ., concur.
Weygandt, C. J., Zimmerman and Bell, JJ., dissent.